**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1835**

YURVIN JUAN MORALES-LOPEZ,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: January 25, 2022                        Decided: February 15, 2022

Before WILKINSON, NIEMEYER, and HEYTENS, Circuit Judges.

Petition dismissed by unpublished opinion. Judge Heytens wrote the opinion, in which Judge Wilkinson and Judge Niemeyer joined.

**ARGUED:** Theodore John Murphy, MURPHY LAW FIRM, PC, West Chester, Pennsylvania, for Petitioner. Jonathan Kevin Ross, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Jeffrey Bossert Clark, Acting Assistant Attorney General, Zoe J. Heller, Senior Litigation Counsel, Anthony O. Pottinger, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Petitioner Yurvin Morales-Lopez is a Guatemalan citizen who entered the United States without authorization. The same day he arrived, the government personally served Morales-Lopez with a form advising him of removal proceedings and ordering him to appear in immigration court. The form was captioned "Notice to Appear" but failed to specify where Morales-Lopez was supposed to go or when he was supposed to go there. See AR 491 (ordering Morales-Lopez to appear for a hearing "at a place to be set," on "a date to be set," at "a time to be set"). A month later, the immigration court sent Morales-Lopez a different form that supplied the previously omitted information. Morales-Lopez attended all relevant hearings and presented various arguments in support of relief from removal, all of which were rejected by an immigration judge, who ordered him removed.

Morales-Lopez appealed to the Board of Immigration Appeals, arguing the initial notice to appear was defective because of the omitted time, date, and place information and, as a result, the immigration judge lacked "subject matter jurisdiction to adjudicate this matter." AR 29. The Board rejected that argument, citing, among other things, this Court's decision in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019).

We dismiss Morales-Lopez's petition for review. To be clear, we agree with Morales-Lopez that his notice to appear did not comply with the relevant statute, which expressly requires "a 'notice to appear'" that "shall . . . specify[ ]" various things, including "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1) & (a)(1)(G)(i). Consistent with both Congress's chosen language and two recent Supreme Court decisions, we emphasize that this statute requires the agency to

2

provide "a single document containing all the information an individual needs to know about his removal hearing"—including where and when it will be held. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1478 (2021); accord *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018) ("A notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)[.]'"). By failing to do so here, the agency violated Section 1229(a)(1).

That does not mean, however, that Morales-Lopez is entitled to the relief he requests. As noted earlier, Morales-Lopez's argument before the Board was that the failure to provide a notice to appear that complied with the statute meant the immigration judge never acquired subject-matter jurisdiction. But Morales-Lopez has abandoned that argument before this Court, emphasizing that he "is not making a jurisdictional argument," Morales-Lopez Reply Br. 1, and specifically conceding that "[t]he fact that the [notice to appear] is defective does not deprive the Immigration Court of jurisdiction," Morales-Lopez Br. 3. Accordingly, we do not consider whether the agency's failure to comply with Section 1229(a) deprived the immigration judge of adjudicatory authority in this matter. Cf. *Cortez*, 930 F.3d at 355, 358, 364 n.6 (holding that a related regulation, 8 C.F.R. § 1003.14(a), "is a docketing rule that does not implicate the immigration court's adjudicatory authority").

Instead, Morales-Lopez now insists he is making a different (and non-jurisdictional) argument: that this case involves a "statutory violation" of a mandatory claim-processing rule and, as a result, the immigration judge "has the authority to terminate" his removal proceedings. Morales-Lopez Br. 20, 28. That argument is forfeited because Morales-Lopez

3

never made it before the immigration judge or the Board and neither the immigration judge nor the Board addressed it. By not presenting "this particular argument to the agency," Morales-Lopez has failed to exhaust his administrative remedies. *Tiscareno-Garcia v. Holder*, 780 F.3d 205, 210 (4th Cir. 2015). "Accordingly, we lack jurisdiction over this claim and, technically speaking, must dismiss it." *Id.*

*PETITION DISMISSED*
